UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN L. WILLLIAMS,

                Plaintiff,

-against-

NYU HOSPITAL CENTER FINANCE &
PAYROLL SUPPORT,

                Defendant.

19-CV-11612 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendant is violating his rights by unlawfully garnishing his wages to satisfy a child support obligation. By order dated January 10, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons discussed below, the Court dismisses Plaintiff's complaint for failure to state a claim and denies Plaintiff's request for preliminary injunctive relief.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Sean Williams, an employee of NYU Langone Hospitals, brings this civil action challenging the garnishment of his wages to satisfy his child support obligations. Plaintiff filed his complaint using a court non-prisoner complaint form for asserting civil-rights claims. He alleges that Defendant "is garnishing [his] wages without a valid Jury Trial order or proof of a loan with [his] wet -ink signature and without [his] consent." (ECF No. 2 at 4.)[1]

---

[1] Page numbers refer to those generated by the Court's electronic case filing (ECF) system.

Plaintiff demands that Defendant "cease and desist from garnishing [his] wages and sending it to a thrid [sic] party without [his] consent, or a jury trial court order proving that [he is] a borrower of a loan." (*Id.* at 5.) He also seeks to have this Court "reinstate [his] wages lost as a result of NYU unlawful actions." (*Id.*)

## DISCUSSION

Because Plaintiff filed this complaint using a court form for asserting civil-rights claims, the Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

**A.     Due Process Claim**

The Court construes Plaintiff's allegations that Defendant is unlawfully garnishing his wages as a claim that Defendant has violated his right to due process. The Due Process Clause only protects "against deprivations without due process of law." *Rivera–Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (quoting *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera–Powell*, 470 F.3d at 466 (citing *Mathews v. Eldridge*, 424 U.S. 319, 355 (1976)).

Where the government deprives a plaintiff of some interest pursuant to an established procedure, due process is generally satisfied so long as some form of hearing is provided before the individual is finally deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). Where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468

3

U.S. 517, 533 (1984) (holding that a "random and unauthorized" deprivation of a protected interest does not result in a violation of procedural due process, as long as the state provides an adequate postdeprivation remedy); *Rivera–Powell*, 470 F.3d at 465 (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy").

In New York, a child support debtor is entitled to the post-judgment judgment remedies outlined in Section 52 of the New York Civil Practice Law and Rules (CPLR).[2] When a support collection unit (SCU) issues an execution for enforcement of current support or arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and "shall have an opportunity to make a submission in support of the objection within fifteen days from service of a copy" of the execution. *See* C.P.L.R. § 5241(a)(8) & (e). The appropriate agency rules on the objection and "notif[ies] the debtor of its determination within 45 days." C.P.L.R. § 5241(e). If the agency does not agree with the debtor's objection, the debtor may file an Article 78 proceeding in state court to have the state court review the agency's determination. *Beattease v. Washington Cty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (2d Dep't 2012) (noting that applicant for relief should commence an Article 78 proceeding after exhausting his remedies before the SCU).

Even if the Court assumes that Plaintiff's property was seized without notice or opportunity to challenge the seizure before it occurred, such facts do not give rise to a due process claim. State law, specifically, Section 52 of the CPLR, provides for due process to child support debtors facing seizure or garnishment. If a city or state employee or agency failed to

---

[2] The city, state and federal statutory and regulatory scheme governing child support enforcement is discussed in *O'Brien v. Hansell*, No. 09-CV-629, 2010 WL 1371366, at *4-*7 (E.D.N.Y. Mar. 31, 2010).

comply with state law, such an omission would constitute a random and unauthorized deprivation that does not constitute a procedural due process violation, as long as the state provides an adequate postdeprivation remedy. Plaintiff does not mention having filed an Article 78 proceeding; however, the fact that such a remedy was available to him satisfies due process because it is an adequate post-deprivation remedy to a random and unauthorized deprivation. *See Rivera–Powell*, 470 F.3d at 465. Plaintiff therefore fails to plausibly allege a violation of his right to procedural due process.

Plaintiff's allegations may also be read as raising a substantive due process claim. Substantive due process "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Interport Pilots Agency Inc. v. Sammis*, 14 F.3d 133, 144 (2d Cir. 1994) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Substantive due process rights are violated only when the government has engaged in conduct so egregious it "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172 (1952). The Supreme Court has "been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). Conduct that is merely incorrect or ill-advised does not meet this high standard. *See Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994).

There is nothing in the complaint that rises to the level of "shocking the conscience." *See, e.g.*, *Weinstein v. Albright*, No. 00-CV-1193 (JGK), 2000 WL 1154310, at *5 (S.D.N.Y. 2000) (rejecting substantive due process challenge to federal law authorizing the denial or revocation of a passport to an individual who owes child support arrears exceeding $5,000), *aff'd*, 261 F.3d 127, 142-43 (2d. Cir. 2001). Instead, Plaintiff appears to disagree with the fact that he has been

5

ordered to pay child support and with the garnishment of his wages to pay that support. Plaintiff therefore fails to plausibly allege a violation of his substantive due process rights.

Plaintiff's due-process claims must therefore be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Rooker-Feldman Doctrine**

Moreover, federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine – named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff can be understood as complaining that the child support order violates his rights. If so, then Plaintiff's claim is for an injury "caused by the state-court judgment." *Exxon*, 544 U.S. at 284. Plaintiff cannot ask this Court to review and reject the child support order. The *Rooker-Feldman* doctrine bars this Court from hearing such a challenge to the child support order. *See Remy v. New York State Dep't of Tax. and Finance*, 507 Fed. App'x 16, 18 (2d Cir. 2013) ("*Rooker-Feldman* doctrine barred father's § 1983 action challenging state court's child support orders and state agencies' enforcement efforts arising from those orders . . . .").

6

C.      **Domestic Relations Abstention Doctrine**

The domestic relations abstention doctrine bars this Court from considering any challenge Plaintiff may be making to entry of the child support order itself. In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child . . . ." *Id.* (internal quotation marks and citation omitted).

Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized exception to the federal district courts' subject-matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992).

On October 30, 2019, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019), *pet. for cert. filed*, No. 19-1111 (Mar. 6, 2020). Thus, "[a]lthough the domestic relations '*exception*' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrant* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* (emphasis in original). When claims involving domestic-relations issues are presented under a court's federal-question jurisdiction, the court must therefore *abstain* from exercising its federal-question

7

jurisdiction over the claims; when they are presented under a court's diversity jurisdiction, the court must dismiss them for *lack of jurisdiction*. *See id.* at 621-24.

Plaintiff asks this Court to order NYU to "cease and desist garnishing [his] wages" and "to stop the garnishment of [his] pay and reinstate [his] wages lost as a result of NYU['s] unlawful actions. (ECF 2 at 5.) His claims therefore involve domestic-relations issues. Thus, unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's order and its enforcement. *Am. Airlines*, 905 F.2d at 14; *Simmons*, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing"); *Myers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*.").

**D.     Request for Preliminary Injunctive Relief**

Plaintiff seeks to have the Court stop the garnishment his wages and to reinstate the wages lost as a result of Defendant's alleged unlawful actions. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See*

*UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff fails to state a claim for relief. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for injunctive relief is denied.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's request for injunctive relief is denied.

All other requests are denied as moot.

Chambers will mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: April 14, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.